(Reap. Dec. 8544)

UNITED STATES v. AIR CLEARANCE ASS'N, INC.

Entry No. 908352.

(Decided February 21, 1956)

*Warren E. Burger*, Assistant Attorney General, for the plaintiff.
*John D. Rode* for the defendant.

LAWRENCE, Judge: The question of the proper value for dutiable purposes of certain merchandise covered by this appeal for a reappraisement is before the court for decision.

The respective parties have submitted said appeal upon a stipulation of fact to the effect that the market value or price at the time of exportation of the involved merchandise at which such or similar merchandise was freely offered for sale for home consumption to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, is as follows:

As to invoice marked in green ink "Inv. #1"

|  | each |
|---|---|
| 100 Soup Spoons round lg. | 19.25 D. Kr. |
| 24 Cake knives with steel | 19.50 |
| 12 Cheese " " " | 16.35 |
| 12 Salad sets, large | 83.00 |
| 48 Oyster forks | 12.25 |
| 72 Demitasse spoons | 6.40 |
| 12 Sandwich servers (ice spade) | 38.25 |
| 12 Sugar-tongs | 18.15 |
| 48 Dressing ladles (cream) | 12.00 |
| 200 Salt spoons | 3.00 |
| 24 Vegetable spoons pear shaped | 36.00 |

all prices, net, packed

As to invoice marked in green ink "Inv. #2"

|  |  | each |  |
|---|---|---|---|
| 50 | Dinner knives usual | 16.50 | D. Kr. |
| 50 | Luncheon forks | 19.15 | |
| 50 | Salad forks | 15.50 | |
| 50 | Tea spoons large | 13.65 | |
| 50 | Dessert spoons | 19.15 | |
| 50 | Fruit knives | 10.35 | |
| 50 | Dinner knives large | 18.00 | |
| 50 | Dinner forks | 24.15 | |
| 50 | Salad forks | 15.50 | |
| 50 | Tea spoons large | 13.65 | |
| 50 | Butter spreaders | 14.00 | |
| 50 | Tea spoons usual | 10.00 | |

all prices, net, packed

It was further stipulated and agreed that there was no higher export value for such or similar merchandise at the time of exportation thereof.

Upon the agreed facts, I find that foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938 (19 U. S. C. § 1402 (c)), is the proper basis for determining the value of the involved merchandise and that such value is as shown in the preceding paragraph of this decision.

Judgment will be entered accordingly.